```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

WILLIAM AE BAAFI,                )
                                 )
        Plaintiff,               )
                                 )
    v.                           )   C.A. No. 21-11145-PBS
                                 )
GWINNETT COUNTY GEORGIA,         )
                                 )
        Defendant.               )
```

**ORDER**

**August 10, 2021**

Saris, D.J.

On July 13, 2021, <u>pro se</u> litigant William AE Baafi filed a one-page document (Dkt. #2) in which he asks for this Court's "support . . . [in] conducting Accounting in pertinent to my father's death in November 2019." For the reasons set forth below, the Court orders that this action be dismissed without prejudice for lack of jurisdiction.

**I.   Background**

Baafi claims that he needs the Court's "support" because "parties involved in the murder are denying access to the Death Certificate for [his] dead father." <u>Id.</u> Baafi continues: "According to the Central Intelligence Agency Records and Defense Intelligence Agency findings, Gwinnett County Georgia was involved in orchestrating the murder of [his] father . . . in the month of May 2019." <u>Id.</u> Baafi represents that he needs

"assistance" with (1) "[a]ttaining a Death Certificate for [his] Father from Federal Court"; (2) "[v]erifying with Social Security the fact that [his] father is dead"; (3) "[l]evying a request for Survivors Benefits to be paid onto my Social Security Record"; and (4) "[b]eing [a]ssigned as Designated Trustee for The Robert Kofi Baafi Living Will and Robert Kofi Baafi Trust."  Id.

The aforesaid document filed by Baafi is not captioned as a complaint and it does not identify a defendant.  Nonetheless, for the limited purpose of this order, the Court will construe the request for assistance as a complaint.  Baafi did file a civil cover sheet in which he identifies "Gwinnett County Georgia" as the defendant, and, in the same document, he describes the action as follows: "Gwinnett County Probate Court has failed to lawfully distribute Decedents Assets according to Living Will, Trust Agreement, and InterState Laws."  (Dkt. #1 at 1 [sic]).  Similarly, in the same document, he describes the action as a "[r]equest for Assigned and Designated Fiduciary Trustee Status on Living Will of Robert Baafi and Robert Kofi Baafi Trust."  Id.  Considered together, Baafi's submissions are sufficient for addressing the question of the Court's jurisdiction over this matter.

**II.  Discussion**

A federal court has an obligation to inquire sua sponte into its own jurisdiction.  See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).  For the reasons stated below, the Court lacks jurisdiction over this action.

    **A.    Eleventh Amendment Immunity**

The Court lacks jurisdiction over a claim against the Gwinnett County Probate Court because of the immunity it enjoys under the Eleventh Amendment to the United States Constitution.[1] The Eleventh Amendment is generally recognized as a bar to suits in federal courts against a state, its departments and its agencies, unless the state has consented to suit or Congress has overridden the state's immunity.  See Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997); Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985); Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hudson Sav. Bank v. Austin, 479 F.3d 102, 105-06 (1st Cir. 2007).

---

[1] "[A]lthough the Supreme Court 'has declined to state definitively whether the Eleventh Amendment is a doctrine of subject matter jurisdiction,'" Brait Builders Corp. v. Mass., Div. of Capital Asset Mgmt, 644 F.3d 5, 11 (1st Cir. 2011) (quoting Hudson Sav. Bank v. Austin, 479 F.3d 102, 109 (1st Cir.2007)), "the Court has stated that the 'Amendment is jurisdictional in the sense that it is a limitation on the federal court's judicial power,'" id. (quoting Calderon v. Ashmus, 523 U.S. 740, 745 n.2 (1998)).

Here, Baafi sues the Gwinnett County Probate Court, which is an arm of the state of Georgia. The Court cannot discern any claim for relief against the Gwinnett County Probate Court for which the state of Georgia has waived its immunity or Congress has overridden it.[2]

### B. Rooker-Feldman Doctrine

Under 28 U.S.C. § 1257, the Supreme Court of the United States is the only federal court with jurisdiction to review a state court judgment. See 28 U.S.C. § 1257; see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005). Thus, under the Rooker-Feldman doctrine,[1] 28 U.S.C. § 1257 prohibits a district court from exercising jurisdiction over an action brought by a party who lost in state court and who is "seeking review and rejection of that judgment" in a lower federal court. Exxon Mobile, 544 U.S. at 291; see also id. at 292 ("The Rooker-Feldman doctrine merely recognizes that

---

[2] Further a state is not a "person" under 42 U.S.C. § 1983, the statute under which a litigant may bring an action for the violation of federal rights by a "person" acting under the color of state law. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

[1] The term "Rooker-Feldman doctrine" is shorthand reference to the Supreme Court's interpretation of 28 U.S.C. § 1257 in District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

4

28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to this Court, see § 1257(a)." (quoting Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 644 n.3 (2002))).

To the extent that this action concerns ongoing state court probate proceedings, pursuant to the Younger doctrine of abstention, the Court abstains from exercising jurisdiction over this action.  See Maymo-Melendez v. Alvarez-Ramirez, 364 F.3d 27, 31 (1st Cir. 2004) ("Younger [abstention] is a court-made rule of abstention built around the principle that, with limited exceptions, federal courts should refrain from issuing injunctions that interfere with ongoing state-court litigation . . . ." (citing Younger v. Harris, 401 U.S. 37, 43-45, 53-54 (1971))); Tyler v. Massachusetts, 981 F. Supp. 2d 92, 96 (D. Mass. 2013) ("[I]nsofar as plaintiff asks this court to enjoin the Probate Court proceedings, the Younger doctrine mandates against an exercise of jurisdiction.").

### C.  Subject Matter Jurisdiction

Even assuming that Eleventh Amendment immunity, the Rooker-Feldman doctrine, and/or Younger abstention did not preclude this action, this action is subject to dismissal for lack of subject matter jurisdiction.  Federal courts are of limited

jurisdiction. "[T]he requirement of subject-matter jurisdiction 'functions as a restriction on federal power,'" Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (quoting Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)), and "[t]he existence of subject-matter jurisdiction 'is never presumed.'" id. (quoting Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998)).

Federal district courts may exercise jurisdiction over civil actions arising under federal laws. See 28 U.S.C. § 1331. Baafi has not identified, nor can the Court discern, a claim arising under federal law that would provide a basis for the Court's exercise of subject matter jurisdiction.

A federal district court also has subject matter jurisdiction over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332 ("§ 1332"). There are, however, judicially-recognized exceptions to jurisdiction under § 1332. Relevant here is the probate exception to § 1332, which "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate . . . [and] precludes federal courts from endeavoring to dispose property that is in the custody of a state probate court." Marshall v. Marshall, 547 U.S. 293, 311-12 (2006). Given the nature of

Baafi's claims, the probate exception doctrine prevents the Court from exercising diversity subject matter jurisdiction over this action.

### III. Conclusion

In accordance with the foregoing, the Court hereby orders that this action be DISMISSED without prejudice for lack of jurisdiction.

SO ORDERED.

                                          /s/ Patti B. Saris
                                          PATTI B. SARIS
                                          UNITED STATES DISTRICT JUDGE